**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CEDRICK A. ALFORD,

    Petitioner,

vs.                                                        Case No. 3:10-cv-1198-J-32MCR

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 state court (Duval County) conviction for conspiracy to traffic in cocaine and trafficking in cocaine on six grounds. Respondents have responded. See Response to Petition for Habeas Corpus (Doc. #16) (hereinafter Response).[1] Petitioner was given the opportunity to file a reply, but elected not to do so. See Reply to the Court's Order to Show Cause (Doc. #20). Thus, this case is ripe for review.[2]

---

[1] The Court hereinafter refers to the exhibits submitted in support of the Response (Doc. #17) as "Ex."

[2] Respondents set forth the procedural history and assert that the Petition was timely filed. See Response at 1-3. Thus, the Court will not repeat the procedural history.

## II. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits,[3] a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[3] In Harrington v. Richter, 131 S.Ct. 770, 785 (2011), the United States Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" The Court explained, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-85.

2

> States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[4] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).
>
> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, ––– U.S. ––––, ––––, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013).

### **IV. Applicable Law**

Petitioner claims that he received ineffective assistance of counsel. "To prevail on this claim, [Petitioner] must meet both the deficient performance and prejudice prongs of

---

[4] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Strickland." Wong v. Belmontes, 558 U.S. 15, 16 (2009) (per curiam) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[5] Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

Harrington v. Richter, 131 S.Ct. 770, 787-88 (2011). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

---

[5] "In order to show that counsel's deficiency prejudiced him, [Petitioner] must show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (per curiam) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, the standards created by Strickland and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]" Harrington, 131 S.Ct. at 788 (quoting Knowles, 556 U.S. at 123).

## V. Findings of Fact and Conclusions of Law

### A. Grounds One Through Four[6]

Petitioner entitles ground one, "as to whether the judgment is subjected to collateral attack." Petition at 7 (capitalization omitted). In the supporting facts, Petitioner includes a long litany of complaints about retained counsel, which are summarized as follows: (1) Petitioner's lawyers did not inform Petitioner that Nathaniel Haugabrook, Esquire, would enter the case *pro hac vice* solely for the purpose of negotiating a plea agreement with the state prosecutor and inducing Petitioner to relinquish his rights; (2) Mr. Haugabrook told Petitioner that the flat rate fee of $85,000.00 would ensure that Petitioner received sufficient representation while imposing a cap on the amount spent on the case; (3) Petitioner's

---

[6] Petitioner's grounds for relief are not a model of clarity and are very repetitive. The Court has attempted to summarize the essence of his claims.

attorneys failed to conduct a sufficient investigation into the case before advising Petitioner to enter into a plea agreement; (4) Larry R. Handfield, Esquire, relinquished his role as lead attorney to Mr. Haugabrook without Petitioner's consent; (5) Petitioner's attorneys failed to adequately advise Petitioner about the facts of his case, the law applicable to his case, or the charges against him; and (6) Petitioner's attorneys failed to adequately investigate a defense because they did not wish to spend money on such investigation and desired to keep the majority of the $85,000.00 fee for themselves.

In grounds two through four, Petitioner contends his plea was involuntary and his attorneys were ineffective because: (1) he was not informed that his driver's license would be suspended;[7] (2) he was not informed what the State would be required to prove in order for him to be found guilty at trial; (3) Mr. Handfield made himself unavailable to discuss any defense with Petitioner; (4) Mr. Haugabrook induced Petitioner into signing the plea agreement by making Petitioner believe that his attorneys had conducted an adequate investigation and there was no viable defense to the charges; (5) his lawyers advised him to respond negatively to all the inquiries by the judge during the plea colloquy or the plea agreement would be void, and he would be facing sixty years in prison; (6) the defense team failed to investigate and properly advise Petitioner, thereby depriving Petitioner of the

---

[7] Counsel's failure to warn a defendant of the collateral consequences of a guilty plea, such as the suspension of a driver's license, prior to entry of the plea does not constitute ineffective assistance of counsel. See Nichols v. McNeil, No. 5:06cv58/RS-WCS, 2010 WL 358754, at *21 (N.D. Fla. Jan. 26, 2010) (citing Johnson v. Dees, 581 F.2d 1166 (5th Cir. 1978)).

opportunity to make an informed decision regarding his plea; and (7) counsel failed to seek to suppress illegally obtained evidence against Petitioner.

The following portions of the record are pertinent in assessing these claims. During the plea colloquy, the court asked Petitioner, "Has anybody threatened, forced, or intimidated you to get you to enter this plea of guilty?" Ex. A-3 at 67. Petitioner replied, "No, Your Honor." Id. The court also asked Petitioner, "Did your lawyer answer all of your questions to your complete understanding regarding your case and any possible defenses to the charges you might have?" Id. at 68. Petitioner responded affirmatively. Id. The Court also inquired whether Petitioner was satisfied with his attorney's representation of him in this case, and Petitioner replied, "Yes." Id. at 68-69.

Petitioner acknowledged that he signed the written plea agreement, that his attorney had "gone over th[e] plea agreement completely" with Petitioner prior to the plea hearing, and that he understood all the matters set forth in the plea agreement form. Id. at 68-69, 71. The written plea agreement states, "No one has threatened me or in any way forced me to enter into this plea agreement." Id. at 52. The agreement states the following with respect to defense counsel:

> I am represented by the office of Larry R. Handfield Esq., and the office of Nathaniel Haugabrook, Esq.
>
> I have told my lawyer all the facts and circumstances known to me about the charges against me. I believe my lawyer is fully informed on all such matters. My lawyer has counseled and advised me on the nature of each charge, on any and all lesser included charges, and on all possible defenses that I might have in this case. Any questions I have had about my case have been answered to my satisfaction by my lawyer.

7

> I am satisfied with my lawyer's services, and feel that my
> attorney has represented me to the best of his/her ability.

Id. at 53 (paragraph enumeration omitted). Petitioner's signature appears after the following statement at the end of the form, "I hereby swear that I have read the foregoing plea agreement, that I understand it, and that it is true." Id. at 54 (some capitalization omitted).

Petitioner raised the above-summarized claims in state court in a motion for post-conviction relief filed pursuant to Fla. R. Crim. P. 3.850 (hereinafter 3.850 motion). After identifying Strickland as the controlling legal authority, the state circuit court adjudicated these claims as follows:

> In the Defendant's Motion, the Defendant claims that counsel rendered ineffective assistance in that the plea was a result of being coerced, induced, and misrepresented. He further alleges he was overcharged by his attorney for the work performed. Any issue regarding the payment of fees is not cognizable in a post conviction proceeding.
>
> Finally, the record conclusively rebuts the grounds upon which the Defendant is seeking relief. (Exhibit "A" and "B").[8]

Ex. A-3 at 49.

Petitioner appealed the denial of his 3.850 motion, and the First District Court of Appeal affirmed, per curiam, without issuing a written opinion. Ex. D. Thus, there are qualifying decisions under AEDPA from the state circuit and appellate courts. Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court

---

[8] Exhibit A is a copy of the Plea Agreement in Petitioner's case. Exhibit B is a copy of the plea colloquy. See Ex. A-3 at 51-78.

decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). Upon thorough review of the record and the applicable law, this Court concludes that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on grounds one through four.[9]

## B.  Grounds Five and Six

In grounds five and six, Petitioner raises numerous claims about some alleged misconduct of Mr. Haugabrook, which do not provide a basis for habeas relief. See Response at 9.[10] Petitioner also asserts that the defense team did not "pursue an alternative sentencing plan in a timely manner." Petition at 14.  Additionally, he contends that he was deprived of his right to present evidence at his sentencing hearing that might have resulted in a lesser sentence.

Petitioner was facing sixty years of imprisonment for his charged crimes, with fifteen year minimum mandatory terms of imprisonment, which the State waived as part of the plea

---

[9] Although a defendant's statements during the plea colloquy are not insurmountable, the Supreme Court held in Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), that "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Here, Petitioner has not surmounted this barrier.

[10] Petitioner also repeats several claims raised in grounds one through four, which the Court will not address again.

agreement. See Ex. A-3 at 62. As the judge made abundantly clear during the plea colloquy, the plea agreement provided that Petitioner would be sentenced between twelve and fifteen years of imprisonment. Petitioner acknowledged that he understood the sentence he was facing. Id. at 63-64,66-67. And, Petitioner was sentenced to twelve years of imprisonment, which was the lowest sentence he could receive under the plea agreement. Therefore, as argued by Respondents, he has not shown he was prejudiced by any alleged errors at the sentencing hearing. See Response at 9-10. Accordingly, Petitioner is not entitled to relief on these claims.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition (Doc. #1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals this Order, the Court denies a certificate of appealability.[11]

Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed

---

[11] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.

on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of February, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 12/5
c:
Cedrick A. Alford
Counsel of Record